**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**CASE NO.:**

DAVID DECHERT, on behalf of
himself and others similarly situated,

      Plaintiff,

v.

INTERSTATE DISTRIBUTOR CO,
and SCOTT DUDLEY,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID DECHERT ("Plaintiff"), on behalf of himself and others similarly situated, hereby sues the Defendants, INTERSTATE DISTRIBUTOR CO, and SCOTT DUDLEY (collectively "Defendants") and alleges as follows:

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue is proper within the Southern District of Florida because a substantial part of the events giving rise to this claim arose here.

3. Defendant is an employer as defined by the FLSA and operates and conducts business in this judicial district.

4. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants.

5.      Defendant INTERSTATE DISTRIBUTOR CO, is trucking company owned by Saltchuk, Inc., a conglomeration of transportation and distribution companies headquartered in Seattle, WA.  INTERSTATE DISTRIBUTOR CO, operates a facility in West Palm Beach.

6.      Defendant SCOTT DUDLEY is Operations Manager of INTERSTATE DISTRIBUTOR CO's, West Palm Beach facility. Defendant Dudley is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

## GENERAL ALLEGATIONS

7.      This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants as dispatchers.

8.      Plaintiff and others similarly situated were employees of Defendants under the FLSA.

9.      Plaintiff, who worked for Defendants as a dispatcher, was improperly classified by Defendants as exempt from the FLSA overtime requirements.

10.     Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

11.     The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

12.     Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA

13.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 12 as if fully restated herein.

14.     During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

15.     Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

16.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of himself and all others similarly situated, that this Court issue an Order against Defendants, INTERSTATE DISTRIBUTOR CO, and SCOTT DUDLEY, awarding damages to Plaintiff in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and

appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 1st day of February, 2017.

Respectfully submitted,
WHITTEL & MELTON, LLC
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
  Pleadings@theFLlawfirm.com
  lechnerj@theFLlawfirm.com
  shelley@theFLlawfirm.com
Attorneys for Plaintiffs